UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
MARINE STEEL TRANSPORT LINE,
LLC, THORNTON TRANSPORTATION
& TOWING, LLC,

       Plaintiffs,

  -against-                         **MEMORDANUM AND ORDER**
                                         Case No. 19-CV-2275 (FB) (RLM)

EASTERN METAL RECYCLING,
LLC, CAMDEN IRON & METAL,
INC., T&T SCRAP, LLC, SAL'S
METAL CORP.,

       Defendants.
---------------------------------------------------x

*Appearances:*
*For the Plaintiffs:*                        *For Defendant T&T Scrap, LLC:*
DERRICK STORMS                   JAMES H. RODGERS
Solomos & Storms                    SETH A. GUITERMAN
33-08 Broadway                       Lewis Brisbois Bisgaard & Smith LLP
Astoria, New York 11106           77 Water Street, Suite 2100
                                              New York, New York 10005

                                            *For Defendant Sal's Metal Corp.:*
                                            MATTHEW A. LAMPERT
                                            JANINE L. PERESS
                                            Rivkin Radler LLP
                                            926 RXR Plaza
                                            Uniondale, New York 11556

**BLOCK, Senior District Judge:**

      In this admiralty action, the plaintiffs allege that their barges were damaged by the loading and unloading of scrap metal during a charter.   Defendants T&T

1

Scrap, LLC ("T&T"), and Sal's Metal Corp. (Sal's) claim that they reached a settlement with plaintiffs and move to enforce that settlement. Having considered the factors set forth in *Winston v. Mediafare Entertainment Corp.*, 777 F.2d 78 (2d Cir. 1985), the Court concludes that there was no binding settlement.

First, there was no partial performance of the agreement. *See id.* at 80. T&T and Sal's claim that the agreement contemplated that they would pay $22,000 ($11,000 each) in exchange for a discontinuance of the claims against them and a release of any other claims. The settling defendants did not make payment and the plaintiffs did not discontinue their claims or execute a release.

Second, the parties did not agree on all material terms. *See id.* at 80. T&T and Sal's proposed settlement documents included an indemnification provision to which the plaintiffs never agreed. While such provisions may be routine in some cases, this case involved six- or seven-figure cross-claims by the non-settling defendants. The Court cannot credit that the plaintiffs intended to accept an obligation to indemnify T&T and Sal's for such claims in exchange for only $22,000.

For the foregoing reasons, the motion to enforce is denied. T&T and Sal's argue that they relied to their detriment on the putative settlement because discovery continued without them. To assuage any possible prejudice, the Court will reopen discovery for the limited purpose of allowing T&T and Sal's to

supplement the discovery developed by the non-settling parties. Requests for particular items of discovery should be addressed in the first instance to Chief Magistrate Judge Mann.

**SO ORDERED.**

                                                                      /S/ Frederic Block  
                                                                      FREDERIC BLOCK  
                                                                      Senior United States District Judge

Brooklyn, New York  
March 31, 2022